# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI SPRINGER,** | ) | |
| Plaintiff, | ) ) ) | Case No. 7:15CV00194 |
| v. | ) ) | **OPINION** |
| **TORI RAIFORD, ET AL.,** | ) ) | By: James P. Jones |
| Defendants. | ) ) | United States District Judge |

*Levi Springer, Pro Se Plaintiff.*

The plaintiff, Levi Springer, a state inmate proceeding pro se, has filed a civil rights action, alleging that he seeks relief under 42 U.S.C. § 1983 against officials at Red Onion State Prison for actions related to his criminal case and long-term segregation. Springer has not prepaid the necessary filing fee to proceed with this action and asks to be allowed to proceed in forma pauperis. Upon review of the record, I find that this lawsuit must be summarily dismissed under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, the in forma pauperis statute. One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment

method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Springer has brought such actions or appeals on three or more prior occasions, including *Springer v. Clarke*, No. 12-6100 (4th Cir. April 11, 2012) (denying application to proceed in forma pauperis on appeal under § 1915(g), based on three "strikes") (citing *Springer v. Shaw*, No. 1:09-cv-1339 (E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-1392 (E.D. Va. Feb. 14, 2011); and *Springer v. Reid*, No. 1:10-cv-1445 (E.D. Va. Feb. 14, 2011)). Accordingly, Springer may proceed in forma pauperis only if he can show imminent danger of serious physical injury. § 1915(g).

Springer's current complaint alleges that although Red Onion officials knew he was innocent of a certain criminal charge, they have violated his constitutional rights by:

> conspir[ing] to cover up the illegal activities of the alleged victims and assistant commonwealth attorney by establishing a long history of assaulting the plaintiff[,] a long history of false disciplinary charges[,] [and] a long history of arbitrarily instituting segregated confinement; refusing to investigate the alleged victim's correspondence making admissions they testified falsely in court[,] . . . the alleged victim's request to visit and make admissions at Red Onion State Prison[,] . . . [and] the alleged victims violation of the criminal courts own protective order; refusing access to retrieve timeline information on the victim's false statements to . . . protective services; refusing legal

> mail access to the . . . magistrate's office; refusing to investigate the prison mailroom; refusing to process complete exhaustion of administrative grievance remedies; initiating retaliatory current segregated confinement; and refusing access to [media representatives].

(Compl. 1-2.) Springer alleges that in long-term segregation, his only out-of-cell recreation is in a cage, he cannot participate in classes or education programs at the prison school building, and he cannot eat his meals in the cafeteria. He also complains generally that his six-year stay in segregated confinement is evidence of the defendants' long history of misuse of force, psychological abuse, and retaliation.

Courts have held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). I cannot find that Springer has alleged facts showing imminent danger of physical harm related to any of the conduct or conditions of which he complains. Therefore, I cannot find that he is eligible to proceed without prepayment of the filing fee under the imminent danger exception in § 1915(g).

Because the records reflect that Springer has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm related to his present claims, I must deny his application to proceed in forma

pauperis in this civil action under § 1915(g). Because he has not prepaid the $350 filing fee or the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: May 4, 2015

/s/  James P. Jones
United States District Judge